# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS

**Cedric Quinton Blanks**                                                                **Plaintiff**

**v.**                            **No. 5:14-CV–101-DPM-JTR**

**Carolyn W. Colvin, Acting Commissioner,**
**Social Security Administration**                                                       **Defendant**

## Recommended Disposition

### Instructions

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge D. P. Marshall Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

### Reasoning for Recommended Disposition

Cedric Quinton Blanks seeks judicial review of a partially favorable decision on his last application for social security disability benefits.[1] Blanks injured his back

---

[1] SSA record at pp. 143 & 150 (applying on June 20, 2011 and alleging disability beginning Jan. 26, 2009, the date of Blanks' back surgery). The record indicates that Blanks has applied at least twice before; once alleging disability beginning at birth, *id*. at p. 178, and another time alleging disability beginning December 2004, *id*. at pp. 135 & 138.

while working as a machine operator.[2] Six months later, he underwent back surgery for a disc herniation.[3] Quinton reached a settlement with his workers compensation carrier[4] and then applied for disability benefits. He based disability on back surgery and back pain.[5]

**The Commissioner's decision**. After considering the application, the Commissioner's ALJ determined Blanks was disabled from June 30, 2008 — the date he stopped working — until October 22, 2012 — the day before his hearing.[6] The ALJ awarded benefits for that time period. The ALJ determined that Blanks had medically improved, as of October 23, 2012, such that he could do a wide range of sedentary work with certain postural and reaching limitations.[7] Because a vocational expert identified available sedentary work,[8] the ALJ determined that Blanks was not

---

[2]*Id*. at p. 289 (discussing the background of injury and treatment).

[3]*Id*. at p. 272.

[4]*Id*. at p. 415 (indicating workers comp coverage ended Mar. 10, 2011).

[5]*Id*. at p. 181.

[6]*Id*. at p. 22.

[7]*Id*.

[8]*Id*. at pp. 67-68 (identifying ticket checker and surveillance monitor as available jobs).

disabled, as of October 23, 2012, and denied further benefits.[9]

After the Commissioner's Appeals Council denied a request for review,[10] the ALJ's decision became final.[11] Blanks filed this case to challenge the decision.[12] In reviewing the decision, the court must determine whether substantial evidence supports the decision and whether the ALJ made a legal error.[13]

**Blanks' allegations of error**. Blanks challenges the determination that his disability ended on October 23, 2012. Specifically, he contends that: (1) the ALJ should have contacted his back surgeon in order to fully and fairly develop the record; and (2) the ALJ failed to properly assess his credibility. For these reasons, he argues,

---

[9]*Id.* at p. 32.

[10]*Id.* at p. 1.

[11]*See Anderson v. Sullivan*, 959 F.2d 690, 692 (8th Cir. 1992) (stating, "the Social Security Act precludes general federal subject matter jurisdiction until administrative remedies have been exhausted" and explaining that the appeal procedure permits claimants to appeal only final decisions).

[12]Docket entry # 1.

[13]*See* 42 U.S.C. § 405(g) (requiring the district court to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner conformed with applicable regulations); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) ("We will uphold the Commissioner's decision to deny an applicant disability benefits if the decision is not based on legal error and if there is substantial evidence in the record as a whole to support the conclusion that the claimant was not disabled.").

substantial evidence does not support the ALJ's decision.[14]

**Applicable legal principles**. A decision to cease benefits must be supported by substantial evidence showing there has been medical improvement in the claimant's impairment such that the claimant can now engage in substantial gainful activity.[15] For substantial evidence to exist, a reasonable mind must accept the evidence as adequate to show Blanks improved enough to do some sedentary work.[16]

**Medical improvement.** The ALJ determines medical improvement by comparing the claimant's present condition with his condition at the time benefits were awarded. To do that, the ALJ compares current medical evidence with the prior medical evidence to determine whether "there have been changes (improvement) in the symptoms, signs or laboratory findings associated with [the claimant's] impairment(s)."[17] Because Blanks has challenged the ALJ's determination of "improvements" in his impairments, this court must decide if substantial medical evidence supports the "improvements" in Blanks' symptoms, signs or laboratory

---

[14]Docket entry # 9.

[15]*See* 42 U.S.C. § 423(f)(1).

[16]*See Britton v. Sullivan*, 908 F.2d 328, 330 (8th Cir. 1990) ("Substantial evidence 'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'").

[17]20 CFR § 404.1594 (c)(1) & 416.994(b)(2).

4

findings, on and after October 23, 2012.

Blanks injured his back on May 23, 2008 and underwent back surgery on January 26, 2009.[18] His surgeon anticipated no further significant improvement.[19]

The following year, Blanks received treatment from a physical medicine and rehabilitation specialist. At the conclusion of his treatment, Blanks experienced some tenderness, weakness, and stiffness in the lower back.[20] He had lost range of motion; he had 60% range of motion in his low back and 90% in the legs.[21] He walked normally, lacked muscle atrophy, and did okay with his medications.[22]

Six months after his treatment concluded, Blanks was involved in a motor vehicle accident.[23] Computed tomography of the back showed no abnormalities.[24] Blanks received a few weeks of chiropractic treatment. At the conclusion of his treatment — on June 22, 2011 — the chiropractor reported a full range of motion in

---

[18]SSA record at p. 272.

[19]*Id*. at p. 267.

[20]*Id*. at pp. 278-79.

[21]*Id*. at p. 279.

[22]*Id.* at pp. 279-80.

[23]*Id*. at p. 375.

[24]*Id*. at p. 399.

the back, no tenderness, and no muscle spasm.[25] Blanks returned to "a full level of activity" and denied pain.[26]

Between that time and the October 23, 2012 administrative hearing, Blanks primarily sought medical treatment for his right knee.[27] He testified that his right knee "blew out,"[28] but diagnostic imaging was negative.[29] An emergency room physician diagnosed a sprain.[30] At the time of his hearing, Blanks wasn't taking any prescription pain medications.[31]

Notably, the ALJ found that Blanks had *disabling limitations*, from June 30, 2008 until October 22, 2012 , consistent with the opinions of his *treating physicians*. On October 13, 2009, Dr. Gail Hopkins, the orthopedic surgeon who performed Blanks' back surgery, gave Blanks "permanent" work restrictions: "[Blanks] will

---

[25]*Id*. at p. 373.

[26]*Id*.

[27]*Id*. at p. 388 (Dec. 8, 2011: family practice clinic for right ankle pain), p. 405 (June 20, 2012: emergency room visit for right knee pain), p. 397 (July 2, 2012: family practice clinic for right knee swelling) & p. 395 (Aug. 2, 2012: family practice clinic for right knee pain and back pain).

[28]*Id*. at p. 51.

[29]*Id*. at p. 413.

[30]*Id*. at p. 406.

[31]*Id*. at p. 51.

require permanent work restrictions of no pushing, pulling or lifting greater than 10 lbs. No repetitive bending or stooping. Sedentary work only and no more than 6 hour work days."[32]

On August 4, 2010, Blanks was examined by Dr. Jonathan Lee, a physician specializing in physical medicine and rehabilitation. Dr. Lee opined that Blanks had reached "maximum medical improvement with [the] same work restrictions" that had been imposed by Dr. Hopkins on October 13, 2009.[33]

Against this backdrop, the medical evidence that the ALJ relied on to conclude that Blanks had medically improved[34], on and after October 23, 2012, consists primarily of: (1) a June 22, 2011 report from a *chiropractor* that Blanks had full range of motion in his back with no tenderness or muscle spasm; and (2) the state agency reviewing physicians, who *only looked at Blanks' medical records* and concluded that he could perform a full range of sedentary work.[35] The court concludes that this does not constitute substantial evidence that Blanks has medically improved beyond the

---

[32]*Id*. at p. 302.

[33]*Id*. at p. 284.

[34]"A medical improvement is defined in the regulations as a decrease in the medical impairments present at the time of the most recent favorable medical condition." *Burress v. Apfel*, 141 F.3d 875, 879 (8th Cir. 1998) (citing 20 C.F.R. § 404.1594(b)(1)).

[35]*Id.* at 30-31, 373, 385, & 427.

"permanent work restrictions" imposed by his *treating physicians*, both of whom were specialists. Likewise, the conclusory opinion of a chiropractor, who saw Blanks only over a few weeks, and the opinion of two reviewing physicians, does not support the ALJ's determination that Blanks can perform a wide range of sedentary work, with certain postural and reaching limitations.[36] Thus, the Court concludes that the ALJ did not adequately develop the record and substantial evidence does not support his decision.

## Conclusion and Recommendation

For the foregoing reasons, the court recommends that this case be reversed and remanded for further proceedings pursuant to "sentence four," within the meaning of 42 U.S.C. § 405(g) and *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). On remand, the ALJ should carefully update the record, and obtain an opinion from a treating or consultative physician that specifically addresses whether Blanks has medically

---

[36] 20 C.F.R. §§ 404.1527(d)(5), 416.927(d)(5) ("We give more weight to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist."). *See Singh v. Apfel*, 222 F.3d 448, 452 (8th Cir. 2000) ("The Commissioner is encouraged to give more weight to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist."); *Nevland v. Apfel*, 204 F.3d 853, 858 (8th Cir. 2000) ("The opinions of doctors who have not examined the claimant ordinarily do not constitute substantial evidence on the record as a whole. Likewise, the testimony of a vocational expert who responds to a hypothetical based on such evidence is not substantial evidence upon which to base a denial of benefits.").

improved and the specific limiting effects of his back impairment.

Dated this 31st day of July, 2015.

/s/ J. Thomas Ray
_____
UNITED STATES MAGISTRATE JUDGE